IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JOE HAND PROMOTIONS, INC.,       )
                                 )    2:11-cv-00727-GEB-DAD
            Plaintiff,           )
                                 )
     v.                          )    ORDER RE: SETTLEMENT AND
                                 )    DISPOSITION
RANDY G. LEAK, individually and  )
as officers, directors,          )
shareholders, and/or principals  )
of PALOMINO ROOM, INC. d/b/a     )
PALOMINO ROOM; and PALOMINO      )
ROOM, INC. d/b/a PALOMINO ROOM,  )
                                 )
            Defendants.          )
_____ )
```

Plaintiff filed a "Motion for Conditional Settlement" on March 23, 2012, in which it states:

> 1. Plaintiff hereby announces to the Court the amicable resolution of the action.
>
> 2. Plaintiff is in the process of consummating the settlement with the Defendants.
>
> 3. Plaintiff has received its first payment under the settlement agreement between the parties and the second payment is due within 60 days thereafter.
>
> 4. To that end, Plaintiff requests that this Court enter a Conditional Order of Dismissal dismissing the case without prejudice to reinstatement if any party represents to the Court on or before May 23, 2012 that the settlement cannot be consummated, retaining jurisdiction over any settlement agreements, and continuing any pending deadlines hearings.

(ECF No. 30, 1:20-28.)

Therefore, a dispositional document shall be filed no later than May 28, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a

dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the court declines to retain jurisdiction over the parties' settlement as requested by the parties since sufficient justification has not been provided to do so. See Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996)("[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court."); see also Collins v. Thompson, 8 F.3d 657, 859 (9th Cir. 1993)("A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent.").

Lastly, the Status Conference scheduled for hearing on May 21, 2012, is continued to commence at 9:00 a.m. on June 25, 2012, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the Status Conference.

IT IS SO ORDERED.

Dated: March 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).